**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff(s)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JAMEL CARLTON,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY, WARDEN DAVID KELSEY, SERGEANT MORRISSEY, OFFICER REED, OFFICER TROUT, COUNTY OF ATLANTIC, and JOHN DOES 1-10, jointly, severally and/or in the alternative,<br><br>Defendant(s), | CIVIL ACTION NO:<br><br><br>**COMPLAINT** |

**Jamel Carlton currently residing in Mays Landing, New Jersey by way of Complaint against the Defendants says:**

### INTRODUCTION

1) Plaintiff Jamel Carlton is currently incarcerated within the Defendant Atlantic County Justice Facility awaiting trial on pending criminal charges.

2) On or about October 20, 2019, the Plaintiff Jamel Carlton was watching television while incarcerated at the Atlantic County Justice Facility and asked to stay up to watch a Sunday Night Football game, as was previously permitted in his pod. Plaintiff was informed that he could not stay up late as previously permitted and was sent to his cell instead. Plaintiff then kicked a chair as he left the room in frustration

and was then approached by Defendant Morrissey while in his cell. Without provocation, and/or legal justification, Defendant Morrissey discharged OC spray and/or pepper spray into Plaintiff's cell and onto Plaintiff's body and face.

3) Plaintiff was then told to put his hands behind his back after being pepper sprayed in his cell. Plaintiff placed his hands behind his back as requested and then was ordered to get on the floor. Plaintiff attempted to get on the floor to the best of his ability, but the area was so small that Plaintiff could not fully fit his body in the area where he was ordered to get on the floor. Immediately following Plaintiff getting on the floor, Defendant Sgt. Morrissey threw his body camera off his body, in an attempt to conceal his tortious conduct as witnessed by another inmate, Deandre Johnson, and then Defendant Sgt. Morrissey, without reasonable cause, probable cause, or provocation, repeatedly punched Plaintiff in the face and assaulted him while Plaintiff was handcuffed and offering no resistance, all in violation of Plaintiff's constitutional right to be free from the use of unreasonable and excessive force, cruel and unusual punishment, and the deprivation of life, liberty, and due process under the New Jersey and United States Constitution.

4) Plaintiff Jamel Carlton suffered severe and permanent injuries from the violent and vicious and unprovoked assault, attack, and excessive and unjustified use of force at the hands of the individual Defendants, including a torn rotator cuff, pepper spray injuries, and severe bruising of the face. The Defendants Atlantic County Justice Facility, Atlantic County, and Warden David Kelsey were deliberately indifferent in the use of excessive force upon inmates by its Corrections Officers including Defendant Sgt. Morrissey in violation of their own policy which mandates zero

tolerance. The Defendants Atlantic County, Atlantic County Justice Facility, and Warden David Kelsey were further negligent, reckless, or deliberately indifferent in the hiring, training, retention and supervision of the Defendant correction officers permitting and encouraging them to use excessive force upon inmates, and to destroy and conceal evidence in relation to the same.

## PARTIES

1) Plaintiff Jamel Carlton is and was residing within Mays Landing, State of New Jersey and at all times referenced herein was a pretrial detainee awaiting trial on pending criminal charges and incarcerated in the custody of Defendant Atlantic County Justice Facility.

2) At all times mentioned herein, the Defendants Atlantic County Justice Facility and County of Atlantic are political subdivisions of the State of New Jersey and amongst its other functions operates and maintains a County owned and operated prison known as the Atlantic County Justice Facility. Atlantic County Justice Facility is under a duty to run its correctional activities in a lawful manner so as to preserve the rights, privileges, and immunities guaranteed and secured to its inmates and pretrial detainees by the Constitution and Laws of the United States and the State of New Jersey.

3) On information and belief, Defendants Sgt. Morrissey, Officer Trout, Officer Reed and Warden David Kelsey are adult resident citizens of Atlantic County, State of New Jersey and facilitators of the Atlantic County Justice Facility who were acting by virtue of their position as Warden and Correction Officer of the Atlantic County Justice Facility and under Color of State Law. These

individual Defendants set forth above are sued individually and in their official capacity as facilitating officers and warden of the Atlantic County Justice Facility.

4) Upon information and belief, the Defendant John Does 1-10 are adult resident citizens of Atlantic County, New Jersey, and were acting by virtue of their position as employees of the Atlantic County Justice Facility and County of Atlantic under Color of State Law. Defendant John Does 1-10 are sued individually and in their official capacity as employees of Atlantic County Justice Facility and/or County of Atlantic.

## JURISDICTION AND VENUE

1) Each of the acts of the Defendants Morrissey, Trout, Reed, Kelsey, and John Does 1-10 were performed under the color and pretense of the Constitutions, Statutes, Ordinances, Regulations, Customs and Usages of the United States of America, and the State of New Jersey, County of Atlantic, and the Atlantic County Justice Facility, and under the authority of the Warden and Correction Officers for Atlantic County Justice Facility.

2) The incident which gives rise to this cause of action occurred within the jurisdiction and within the two years of the filing of this Complaint.

3) Venue is proper in this matter pursuant to 28 U.S.C. § 1391 as all Defendants are residents of this district and all acts or omissions which gives rise to the cause of action occurred within the district.

4) Jurisdiction is proper pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3)(4), and 42 U.S.C. § 1983. Plaintiff further

invokes pendant and subject matter jurisdiction of this Court to hear and decide claims arising under State Law pursuant to 28 U.S.C. § 1367.

## **FACTUAL ALLEGATIONS**

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1) On or about October 20, 2019, at approximately between 8:00 and 9:00 P.M., the Plaintiff Jamel Carlton while a pretrial detainee at the Atlantic County Justice Facility was pepper sprayed and severely assaulted by the Defendant Sgt. Morrissey while in his cell and offering no resistance. Plaintiff was handcuffed, physically attacked, beaten with hands, fists, knees, kicks, pepper sprayed, kicked in the face while cuffed on the floor, knocked unconscious, and otherwise by Defendant Sgt. Morrissey and thereafter falsely charged with criminal/administrative Complaints to cover up the Defendant Morrissey's wrongdoings. Defendants Reed, Trout, Kelsey, and John Does 1-10 all participated in an administrative internal affairs investigation that was deliberately performed inadequately and in violation of Attorney General guidelines in order to cover up Defendant Morrissey's wrongdoings. The Defendants Atlantic County, Atlantic County Justice Facility, and Warden David Kelsey were further negligent, reckless, or deliberately indifferent in the hiring, training, retention and supervision of the Defendant correction officers permitting and encouraging them to use excessive force upon inmates, and to destroy and conceal evidence in relation to the same.

2) After Plaintiff sustained the aforementioned injuries due to the severe assault by the Defendant Sgt. Morrissey, Plaintiff requested medical treatment and Plaintiff was given three pain pills but denied further medical treatment. Plaintiff also was not allowed to shower for multiple days, was not given access to any of his personal hygiene materials, and was isolated, all in violation of Defendants' policies and procedures and Department of Corrections rules and regulations as well as his United States and New Jersey Constitutional rights.

3) Defendants Morrissey, Reed, Trout, Kelsey, and John Does 1-10, committed the aforementioned actions and/or omissions under the Color of Law and by virtue of their authority as Law Enforcement/Correctional Officers for Defendant County of Atlantic and/or Atlantic County Justice Facility and have substantially deprived the Plaintiff of his clearly established rights, privileges, an immunities guaranteed to him as a citizen of the United States and of New Jersey in violation of 42 U.S.C. § 1983 and NJSA 10:6-2 the New Jersey Civil Rights Act, and deprived the Plaintiff of his rights guaranteed to him under the Fourth, Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and the New Jersey Constitution counterparts including but not limited to:

    (a) the freedom from unlawful search and seizure;

    (b) the freedom from unlawful arrest and seizure of their persons;

    (c) the freedom from unreasonable, unjustified, and excessive force;

    (d) the freedom from the deprivation of life, liberty, and property without due process of law;

    (e) the freedom from summary punishment;

    (f) the freedom from state created dangers;

    (g) the freedom from arbitrary government activity which shocks the conscience of civilized community and society; and

    (h) the freedom from cruel and unusual punishment.

4) As a direct and proximate result of the acts and omissions of these Defendants, Kelsey, Reed, Trout, Morrissey, and John Does 1-10, the Plaintiff's Constitutional Rights were violated, and Plaintiff was severely injured and sustained severe and permanent injuries necessitating medical treatment and was forced to defend himself in criminal charges falsely filed against him.

## SECOND COUNT
## FEDERAL CONSTITUTION VIOLATIONS/MONELL LIABILITY

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey were and are under a duty to supervise members of the Atlantic County Justice Facility and to ensure that the policing and correctional activities of the Atlantic County Justice Facility are run in a lawful manner preserving to the inmates and pretrial detainees their rights, privileges, and immunities guaranteed to them by the Constitution of both the United States of America and the State of New Jersey.

2) Defendants Atlantic County Justice Facility, Atlantic County, and Warden Kelsey permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and custom of its correctional officers, particularly Defendants Morrissey, Trout, Reed, and John Does 1-10 of violating the Constitutional Rights of the inmates and pretrial detainees in the facility, including the Plaintiff. In particular, the Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey had actual knowledge that these individual Defendants, Morrissey, Trout, Reed and John Does 1-10, had propensity to deprive the inmates or pretrial detainees of the Atlantic County Justice Facility of their Constitutional Rights and failed to take proper action to protect the inmates of Atlantic County Justice Facility, including the Plaintiff from these Defendants.

3) The actions of the Defendants were deliberately indifferent, taken without good faith, unjustified, unreasonable, unconstitutional, deprived the Plaintiff of his Constitutional Rights in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and their New Jersey Constitutional Counter Parts.

4) The Defendants County of Atlantic, Atlantic County Justice Faciity, and Warden Kelsey are directly liable for Plaintiff's damages due to the following Policies, Statements, Ordinances, Regulations or Decisions formally adopted and propagated by the government rule makers and/or Warden Kelsey which were in effect at the time of the incident and which were the underlying cause of Plaintiff's injuries:

(a) Atlantic County, the Atlantic County Justice Facility, and/or Warden Kelsey formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed within by favoring the statements of correctional officers over the statements of inmates/pretrial detainees complaining of abuse or misconduct resulting in the exoneration of the officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of the officers is tolerated, condoned and ratified by the Atlantic County Justice Facility, Atlantic County, and/or Warden Kesley thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the inmates/pretrial detainees including the Plaintiff.

5. Defendants Atlantic County, the Atlantic County Justice Facility, and/or Warden Kelsey is directly liable for the Plaintiff's damages due to the following policies, practices and custom of the Atlantic County Justice Facility and County of Atlantic which were in effect at the time of the incident and which were the underlying cause of Plaintiff's injuries:

(a) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice or custom of allowing correctional officers including the Defendants

named herein, Morrisey, Trout, Reed, and John Does 1-10 to employ excessive force, while effectuating searches, creating an atmosphere of illegal and unconstitutional behavior in deliberate disregard and reckless disregard of the welfare of the inmates, including the Plaintiff;

(b) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled policy, practice and custom of allowing correctional officers including the Defendants, Morrissey, Trout, Reed, and John Does 1-10 to use excessive force without good faith and unreasonable force without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the inmates/pretrial detainees, including the Plaintiff;

(c) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice allowing correctional officers including, Defendants Morrissey, Trout, Reed, and John Does 1-10 to falsify reports and falsely charge inmates without probable cause as a tool to conceal their own illegal and unreasonable conduct, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of inmates/pretrial detainees including the Plaintiff;

(d) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice or custom allowing correctional officers including, Defendants Morrissey, Trout, Reed, and John Does 1-10 to file false reports, fabricate evidence, destroy evidence, and make false statements as a tool to conceal their own illegal and unreasonable conduct in deliberate indifference and reckless disregard for the welfare of the inmates, including the Plaintiff;

(e) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice of failing to protect the inmates of Atlantic County Justice Facility from unconstitutional actions of correctional officers including Defendants Morrissey, Trout, Reed, and John Does 1-10 by exonerating rogue officers, by refusing to investigate complaints, and by convincing inmates not to file formal complaints with the Internal Affairs Unit and by creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the inmates/pretrial detainees including the Plaintiff.

(f) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the inmates including, but not

limited to complaints regarding search and seizure procedures, and the use of excessive physical force, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the inmates including the Plaintiff;

(g) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice of violating their own policies and procedures in relation to the use of force as well as the Attorney General Guidelines relating to the use of force and the removal of officers from the line of duty pending administrative investigations thus creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard of the welfare of the inmates including the Plaintiff.

6. Defendants County of Atlantic, Warden Kelsey, and Atlantic County Justice Facility are directly liable for Plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring which were in effect at the time of this incident and which were the underlying cause of Plaintiff's injuries:

(a) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey failed to adequately train and supervise correction officers including Defendants, Morrissey, Trout, Reed, and John Does 1-10, regarding proper arrest procedures and techniques, the

proper use of force, probable cause determinations, search and seizure, criminal investigations and internal affairs procedures such as the failure to train and such failure to train at the obvious consequence leading to the constitutional violations and deliberate indifference and reckless disregard of the welfare of the inmates/pretrial detainees including the Plaintiff;

(b) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey failed to adequately monitor and evaluate the performance of its officers including Defendants Morrissey, Trout, Reed, and John Does 1-10 and their compliance with the laws and policies, practices and customs with respect to probable cause determinations, arrest procedures, internal affairs procedures, the use of force in criminal investigations in deliberate indifference and reckless disregard of the welfare of the inmates/pretrial detainees including the Plaintiff;

(c) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey repeatedly and knowingly has failed to properly train its officers including Defendants Morrissey, Trout, Reed, and John Does 1-10, with respect to the violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force, probable cause determinations, arrest procedures, search and seizure, internal affairs procedures, creating a pattern, policy, practice, custom or atmosphere or such illegal and

unconstitutional behavior as tolerated, condoned and accepted by the Atlantic County Justice Facility with deliberate indifference to the reckless disregard of the inmates/pretrial detainees, including the Plaintiff;

(d) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey allows its officers to engage in conduct that violates the constitutional rights of persons in custody, including the Plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated and condoned in reckless disregard and in deliberate indifference to the welfare of the inmates/pretrial detainees including the Plaintiff;

(e). Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey knew that a "code of silence" existed between and amongst their Warden, officers, and their other personnel employed by Atlantic County Justice Facility whereby officers would not report this conduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the inmates in deliberate indifference to and in reckless disregard of the

constitutional rights of the inmates/pretrial detainees including the Plaintiff.

7. Further, Defendants Atlantic County, Atlantic County Justice Facility, and are liable for Defendants Morrissey, Trout, Reed, and John Does 1-10 actions under the doctrine of agency, vicarious liability, employer/employee relationship, master servant, and respondeat superior and as a result of their non-delegable duty to provide officers who comply with the constitutions of the law of the United States of America and the State of New Jersey.

8. It is further alleged that Defendant Warden Kelsey is individually liable as a supervisor given his knowledge of the Defendants' unconstitutional conduct and his failure to prevent or report the same.

9. As a direct and proximate result of the foregoing policies, practices and customs of the Atlantic County and Atlantic County Justice Facility violation of the constitutional rights of the citizens of Atlantic County were substantially certain to occur.

10. As a direct and proximate result of the foregoing policies, practices and customs of Atlantic County and the Atlantic County Justice Facility, the Plaintiff's constitutional rights were violated, and the Plaintiff was injured and damaged all to her detriment.

## THIRD COUNT
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The Defendants and each of them conspired to violate the civil rights of the Plaintiff by targeting him for unwarranted violence, subjecting him to malicious prosecution, coordinating false stories and reports against the Plaintiff, filing false criminal charges against him to incriminate him and rationalize their violence and mistreatment toward the Plaintiff in addition to coordinating their stories and rationalization so as to conceal the extent of the damage that the Defendants perpetrated against the Plaintiff.

## COUNT FOUR
## PUNITIVE DAMAGES AGAINST DEFENDANTS
## KELSEY, MORRISSEY, TROUT, REED, AND JOHN DOES 1-10

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The actions and/or omissions of the Defendants Morrissey, Trout, Reed, Kelsey, and John Does 1-10 complained of herein were unlawful, conscious shocking, unconstitutional and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against the Defendants.

2. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff has been injured and damage all to his detriment. The damages for which Plaintiff seeks compensation from the Defendants both jointly and severally include but are not limited to the following, emotional distress, pain and suffering, loss of enjoyment of life, fright, fear,

humiliation, aggravation, anxiety, and attorney's fees pursuant to 42 U.S.C. §1988, punitive damages, pre-imposed judgment interest, declaratory relief holding that the policies, practices and/or customs of the Defendants complained of are illegal and unconstitutional and preclusion of Defendants, Reed and John Does 1-10 from serving in the capacity of law enforcement officers and such other equitable and general relief as the court deems just and proper.

## COUNT FIVE
## STATE LAW TORTS AGAINST DEFENDANTS
## Morrissey, Trout, Reed, and John Does 1-10

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The acts, omissions and conducts of Defendants Morrissey, Trout, Reed, and John Does 1-10 constitute assault, battery, trespass, trespass to chattels, false arrest, false imprisonment, conspiracy, negligent infliction of emotional distress and intentional infliction of emotional distress.

2. As a direct and proximate result of the aforementioned acts and omissions of Defendants Morrissey, Trout, Reed, and John Does 1-10, the Plaintiff has been damaged and injured all to his detriment.

Jury is respectively demanded of the trier of the issues set forth herein.

CASTELLANI LAW FIRM, LLC

Date: March 15, 2021

_____
DAVID R. CASTELLANI, ESQUIRE
Attorney for Plaintiff(s), Jamel Carlton

17 | Page