[ECF No. 42]

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| **JAMEL CARLTON,** | |
| **Plaintiff,** | |
| **v.** | **Civil No. 21-5259 (NLH/SAK)** |
| **ATLANTIC COUNTY JUSTICE FACILITY et al.,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter comes before the Court on the Motion to Stay Civil Proceeding [ECF No. 42] filed by Defendants Warden David Kelsey, Sergeant Michael Morrissey, Officer Colton Reed, Officer Richard Trout, and County of Atlantic (collectively, "Defendants"). The Court received the opposition of Plaintiff Jamel Carlton [ECF No. 44] and Defendants' reply [ECF No. 45]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Defendants' motion is **GRANTED**.

## I.   BACKGROUND

Plaintiff, an inmate confined at New Jersey State Prison in Trenton, filed this civil rights action on March 15, 2021, asserting various state and federal claims against the moving defendants and Defendant Atlantic County Justice Facility ("ACJF"). *See* Compl. [ECF No. 1]. Specifically, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act for alleged violations of his state and federal constitutional rights against Defendants Kelsey,

Morrissey, Reed, and Trout. *See id.* at 5–7.[1]  These include, *inter alia*, Plaintiff's right to be free from unreasonable, unjustified, and excessive force.  Plaintiff also asserts a *Monell* claim against Defendants ACJF, Kelsey, and County of Atlantic. *See id.* at 7–15.  Finally, Plaintiff asserts state law tort claims against Defendants Morrissey, Reed, and Trout, and a conspiracy claim against all Defendants. *See id.* at 15–17.  Plaintiff's claims arise out of an incident that transpired while he was incarcerated at the ACJF awaiting trial on pending criminal charges.

On or about October 20, 2019, Plaintiff alleges he "was watching television" at the ACJF when he "asked to stay up to watch a Sunday Night Football game, as was previously permitted." *Id.* at 1.  Plaintiff was informed that he could not and was sent to his cell. *See id.*  "Plaintiff then kicked a chair as he left the room in frustration." *Id.*  Plaintiff was then approached in his cell by Defendant Morrissey. *See id.* at 2.  Plaintiff contends that, without provocation or legal justification, Defendant Morrissey discharged OC spray and/or pepper spray into Plaintiff's cell and onto his face and body. *See id.*  Plaintiff contends that he was told to put his hands behind his back and ordered to drop to the floor. *See id.*  Plaintiff further contends that, as soon as he was on the floor, Defendant Morrissey "threw his body camera off his body" and "repeatedly punched Plaintiff in the face and assaulted him while [he] was handcuffed and offering no resistance." *Id.*  Thereafter, Plaintiff alleges he was denied medical treatment, denied access to "personal hygiene materials," and "was not allowed to shower for multiple days." *Id.* at 6.  Plaintiff further alleges he was falsely charged with a criminal complaint in an attempt to cover up Defendant Morrissey's misconduct. *See id.* at 5–6.  As a result, Plaintiff claims he "suffered severe and permanent injuries" and "was forced to defend himself [against] criminal charges falsely filed against him." *Id.* at 7.

---

[1] Plaintiff's complaint has numerous paragraphs that share the same number.  To avoid confusion, all references to the complaint made herein will be by page number.

Defendants now move to stay this civil action pending the resolution of a related state court criminal matter involving Defendant Morrissey. *See* Defs.' Br. at 1 [ECF No. 42-1].  Defendants contend that Morrisey is facing "criminal charges stemming from [his] interactions with [Plaintiff] on October 20, 2019" at the ACJF. Barbone Aff. ¶ 1 [ECF No. 42-3].  Thus, the instant civil action concerns "the same date and place of the incident which is the subject of the criminal proceeding." *Id.* ¶ 2.  Defendant Morrissey has since chosen "to assert his privilege against self-incrimination under the Fifth Amendment . . . in light of the criminal charge(s) against him." *Id.* ¶ 3.  While the criminal case has not been scheduled for trial, Morrissey's defense attorney has instructed him not to discuss the matter with anyone. *See id.* ¶¶ 4–5.  Defendants argue that Morrissey is entitled to exercise his Fifth Amendment right in this action and, therefore, "proceeding with discovery at this juncture would only cause additional delays in the future." Defs.' Br. at 4.  They further argue that a stay is warranted because of the overlap of the issues in the civil and criminal cases, the status of the criminal case, the lack of prejudice to Plaintiff, the burden on Defendant Morrissey, and for judicial economy. *See id.* at 2–5.

Plaintiff concedes the extent of the overlap of the issues in these proceedings "is extensive." Pl.'s Opp'n at 2.  In his own words, "both matters stem entirely from the same incident and concern the facts and circumstances surrounding Plaintiff being forced back into his cell and the force used while effectuating the same." *Id.*  However, Plaintiff argues the remaining considerations militate against a stay.  He argues that no indictment has been returned against Morrissey; that his interest in proceeding expeditiously in this case outweighs the potential prejudice to him caused by a stay; that Defendants' interests can still be protected while permitting this civil matter to proceed; and that the Court has an interest in efficiently addressing the merits of Plaintiff's case. *See id.*  Plaintiff argues that these considerations weigh in favor of denying the requested stay. *See id.*

II.   **DISCUSSION**

    **A.  Legal Standard**

      It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  While a stay of a civil case is an "extraordinary remedy," a court has discretion to stay the case if "the interests of justice require it." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citations omitted).  Likewise, a stay of a civil case where there are pending criminal proceedings, while not constitutionally required, "may be warranted in certain circumstances." *Id.*; *see United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (collecting cases) (noting "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interest of justice seemed to require such action").  In determining whether to grant such a stay, courts consider the following factors:

      (1) the extent to which the issues in the criminal and civil cases overlap;

      (2) the status of the case, including whether the defendants have been indicted;

      (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff cause by a delay;

      (4) the private interest of and burden on the defendants;

      (5) the interests of the court; and

      (6) the public interest.

*See Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).  The Court will address each of these factors in turn.

4

### B. Analysis

#### 1. Similarity of Issues

The similarity of the issues is recognized as "'the most important issue at the threshold' in determining whether or not to grant a stay.'" *Id.* (quoting Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1990)).  Here, there is no dispute that the civil and criminal proceedings pertain to the same underlying incident involving Plaintiff.  In fact, Plaintiff concedes that "both matters stem entirely from the same incident and concern the [same] facts and circumstances." Pl.'s Opp'n at 2.  Defendants similarly contend that Plaintiff's allegations of "excessive force" in this case are the "subject of the [parallel] criminal proceeding." Barbone Cert. ¶ 2.  For these reasons, the Court finds this first factor weighs in favor of a stay.

#### 2. Stage of Parallel Criminal Proceedings

The stage of the parallel criminal proceeding may also substantially affect the decision of whether a stay is warranted.  "The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned.  The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Parallel Proc.*, 129 F.R.D. at 203 (citation omitted).  Alternatively, because there is less risk of self-incrimination, and more uncertainty regarding delay, preindictment requests for a stay are less favorable "but still possible." *Id.* at 204.  Each case must be evaluated on an individual basis. *See Walsh Sec., Inc.*, 7 F. Supp. 2d at 527 (citation omitted).  "Judicial efficiency is also a factor in the balancing analysis." *Parallel Proc.*, 129 F.R.D. at 204.  For instance, the resolution of the criminal proceeding may "moot, clarify, or otherwise affect various contentions in the civil case."

*United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) (affirming the district court's decision that judicial economy was best served by granting a stay of the civil case).

While no indictment has been returned, the instant action presents a strong case for a stay. Defendants have indicated that Defendant Morrissey will assert his Fifth Amendment privilege extensively if this action is not stayed. Defendants argue that "[f]orcing a defendant to exercise" his right against self-incrimination "is prejudicial in and of itself" because it "sends a message of guilt to a civil adjudicator." Defs.' Br. at 5. Defendants also argue if the case were to proceed, discovery would effectively be handicapped by Morrissey exercising this right. *See id.*

Here, the Court finds Defendants' arguments to be persuasive. While the parallel criminal matter is in the preindictment stage, Defendant Morrisey is the central witness and subject of this related civil action. If this case is not stayed, the Court finds the question of whether Morrissey will exercise his Fifth Amendment privilege to be a foregone conclusion. Thus, to force the parties to proceed with discovery, and specifically, depositions, despite this serious impediment would be a fruitless endeavor. Moreover, it would also be a wasteful use of the parties' and the Court's time and resources. For all these reasons, the Court finds this factor weighs in favor of a stay.

### 3. Prejudice to Plaintiff

Plaintiff asserts that he will be prejudiced by any delay in this litigation. Plaintiff fails to articulate, however, precisely how he would be prejudiced. In fact, Plaintiff merely asserts that he filed this case in March of 2021, that he has an interest in proceeding expeditiously, and that he "would be subjected to even more time passing and delay in this case if [it is] stayed." Pl.'s Opp'n at 2. Defendants reject this argument and contend any "delay" Plaintiff appears to refer to was the result of unrelated issues with Plaintiff and not related to the defendants. *See* Defs.' Reply at 1.

The Court is not persuaded that Plaintiff will be prejudiced if this civil case is stayed. "The mere fact that additional time will pass . . . does not alone establish prejudice to the [p]laintiff; to show prejudice the plaintiff should demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay." *Tucker v. New York Police Dep't*, No. 08-2156, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010) (internal quotations and citation omitted). Here, Plaintiff has not shown a unique injury that would result, or unfair advantage that would be gained, if the case is stayed. Therefore, the Court finds this factor weighs in favor of a stay.

### 4. Burden on Defendants

Defendants argue that Morrissey will be burdened if this case is not stayed. The Court agrees with Defendants that Morrissey would be forced to choose between asserting or waiving his Fifth Amendment privilege. Furthermore, "[s]ince the criminal matter and the civil action are identical, the risk of self-incrimination would be paramount in this case." Defs.' Br. at 4. While the Supreme Court has held that it is not unconstitutional to force a defendant into this choice, *see generally Baxter v. Palmigiano*, 425 U.S. 308, 318–19 (1976), "a court may nevertheless exercise its discretion to stay the civil case in the interests of justice." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 528 (citation omitted). Accordingly, the Court finds this factor also weighs in favor of a stay.

### 5. Interests of the Court

The Court has "an interest in judicial economy in terms of managing its caseload," *id.*, and ensuring the "just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. 1; *see LM Ins. Corp. v. FAV Transp., L.L.C.*, No. 14-5424, 2015 WL 4915677 (D.N.J. Aug. 18, 2015). "However, the Court also has an interest in resolving individual cases efficiently." *See Walsh Sec., Inc.*, 7 F. Supp. 2d at 528. If this case is not stayed, discovery would be largely ineffective and inefficient because Morrissey would be "forced to assert [his] Fifth Amendment

privilege[].” *Id.*  The Court would also be burdened by “a constant stream of privilege” disputes to decide. *Id.* In fact, the Court notes that the case has already encountered obstacles stemming from the criminal charges pending against Morrissey.  Despite multiple extensions, no discovery has been conducted as to Morrissey. *See* ECF Nos. 20, 22, 35, and 46.  The uncertain procedural posture of his charges has significantly delayed discovery.  Since as early as April, defense counsel has been unable to ascertain a trial date. *See* Defs.’ Letter, Apr. 18, 2022 [ECF No. 32].  At present, the Court cannot anticipate when these circumstances will change.  For these reasons, the Court finds this factor weighs in favor of a stay.

### 6. Public Interest

Lastly, the Court finds there is no harm to the public interest in granting a stay in this case. “Courts have denied stays where the civil case, brought by a government agency, was intended to protect the public by halting the distribution of mislabeled drugs . . . , or the dissemination of misleading information to the investing public.” *Id.* at 529 (citations omitted).  The Court agrees with Plaintiff that, if his allegations are true, it certainly raises issues of significant public concern. *See* Pl.’s Opp’n at 2.  However, Plaintiff appears to conflate public concern with public interest. In fact, the Court finds a stay in this case would benefit the public by allowing the Government to conduct its trial into potential criminal activity. *See Walsh Sec., Inc.*, 7 F. Supp. 2d at 529.  Thus, the Court finds this final factor also weighs in favor of stay.

### III. <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **14th** day of **November**, **2022**, that Defendants’ Motion to Stay Civil Proceeding [ECF No. 42] is **GRANTED**; and it is further

**ORDERED** that all proceedings in this action are **STAYED** pending further Order of the Court.  The Clerk shall administratively terminate this action during the pendency of the stay, subject to reinstatement on the written application of any party; and it is further

**ORDERED** that defense counsel shall provide the Court with a written status update on the parallel criminal proceeding every forty-five (45) days.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Noel L. Hillman, U.S.D.J.